## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ADRIAN BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 16-cv-4084-SEM |
| | ) | |
| DAVID CLAGUE, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se, filed an action under 42 U.S.C. § 1983 alleging various constitutional violations at the Knox County Jail. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013).

## ANALYSIS

Plaintiff is a pretrial detainee rather than convicted prisoner, so his § 1983 claim is reviewed under the Due Process Clause of the

Fourteenth Amendment, rather than the Eighth Amendment.  The standard of review, however, is the same under the Fourteenth Amendment, as under the Eight Amendment.  *Zentmyer v. Kendall County, Ill.,* 220 F.3d 805, 810 (7th Cir. 2000).  Plaintiff's complaint names Sheriff David Clague, Administrator Louis Glossip, Chief of Operations Brad Abernathy, and Knox County Deputy Robertson

Plaintiff alleges that since March 30, 2016, he has been subjected to unconstitutional practices at the Knox County jail.  He alleges that he has been held in maximum segregation for an unspecified period, without benefit of a hearing.  Plaintiff claims, alternatively, that there are no rules governing the placement of prisoners in segregation, and, that Knox County officials will not give him a copy of the rules regarding placement in segregation.

Plaintiff also claims inhumane conditions of confinement, that he has been deprived of a shower for several days at a time.  On one occasion, he allegedly went eight days without a shower.  Plaintiff also claims that his mattresses was taken away, forcing him to sleep on a concrete floor.

Plaintiff alleges that Deputy Robertson exhibited racist behavior when he told Plaintiff, over the loudspeaker, to "get your

black ass in your cell". He claims that black prisoners who get into fights are given an additional 15-day administrative lockdown while white prisoners who fight are not.

Plaintiff also claims a denial of access to courts in that the jail will "no longer allow photocopies". He claims, generally, that the jail's failure to provide inmates with the law library is a Fourteenth Amendment violation. He does not allege particularly, however, that he was denied law library access. It is also unclear whether Plaintiff is claiming restricted access or the complete lack of a law library.

Here, Plaintiff alleges that he was placed in segregation without benefit of a hearing. "A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less. But no process is required if he is placed in segregation not as punishment but for managerial reasons." *Higgs v. Carver*, 286 F.3d. 437, 438 (7th Cir. 2002) (internal citations omitted). A pretrial detainee may, therefore, be placed in segregation for preventive rather than punitive purposes. These preventive purposes include: protecting plaintiff from others, protecting jail

staff from plaintiff's violent propensities, or protecting a plaintiff who is at risk of suicide. *Id.* at 438. As it is not clear whether Plaintiff's placement was preventive or punitive, this claim will go forward.

The Court now considers the conditions of confinement claim. A pre-trial detainee's conditions of confinement claim arises from Fourteenth Amendment substantive due process and is reviewed under the Eighth Amendment standard of "cruel and unusual punishment. *Johnson v. Phelan,* 69 F.3d 144, 149 (7th Cir. 1995). For constitutional liability to attach, the conditions of confinement must amount to extreme deprivation. This is so, "[b]ecause routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society', only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal citations omitted). Conditions which are "restrictive and even harsh" do not reach this standard. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981).

In this case, going some days without a shower and sleeping on a concrete floor for an unspecified period of time, fail to allege

conditions sufficiently grave to constitute an Eighth Amendment violation. *See Caldwell v. Miller*, 790 F.2d 589, 600-01 (7th Cir. 1986) (mere inconvenience and discomfort do not implicate the Constitution). *See also, Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988)(ten days in a segregation unit without toilet paper, toothbrush or toothpaste in a "filthy, roach-infested cell" did not constitute cruel and unusual punishment).

Plaintiff also makes the claim that black prisoners suffer more severe penalties than do white prisoners. He alleges this as a generalized statement, however, and does not claim that he has personally suffered injury because of this practice. Plaintiff's claim against Deputy Robertson, based on one identified statement, is insufficient to establish racial discrimination. "Although racial slurs are unprofessional and deplorable, they do not constitute a deprivation of constitutionally protected rights..." *Worthon v. Dowhen*, 81 F.3d 164 (7th Cir. 1996) (internal citations omitted).

Plaintiff's allegations as to a denial of his access to the courts is also insufficient as he does not allege that he suffered any detriment. It is Plaintiff's burden to provide "...some quantum of detriment caused by the challenged conduct of state officials

resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation." *Shango v. Jurich,* 965 F.2d 289, 291 (7th Cir. 1992); *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir. 1992).

Plaintiff requests declaratory and injunctive relief, as well as compensatory and punitive damages. Plaintiff's grievances as to the alleged due process violations were denied by Defendant Abernathy so this Defendant will remain. As Plaintiff alleges a policy of denial of due process, and requests injunctive relief, Defendant Clague will also remain. Plaintiff makes no specific allegations against Defendant Glossip so he is dismissed. Plaintiff's only allegation against Defendant Robertson has been dismissed so Defendant Robertson is dismissed as well.

Plaintiff's due process claim as to his placement in segregation will go forward against Defendants Clague and Abernathy. The racial discrimination, conditions of confinement, and access to courts claims are DISMISSED.

**IT IS THEREFORE ORDERED:**

1.     This case shall proceed solely against Defendants Clague and Abernathy on the due process claim. Any claims not identified will not be included in the case, except in the Court's discretion

upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendants Glossip up and Robertson are DISMISSED.

2.     The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

3.     If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

4.     Defendants shall file an answer within the time prescribed by Local Rule.  A Motion to Dismiss is not an answer. The answer is to include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings are to address the issues and claims identified in this Order.

5.     Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be struck by the Court.

6.     Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

8. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

**1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,**

**2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.**

**LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL**

**SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT**

**DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY**

**THE FULL COSTS OF FORMAL SERVICE PURSUANT TO**

**FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**


October 5, 2016          s/Sue E. Myerscough
ENTERED                  SUE E. MYERSCOUGH
                               UNITED STATES DISTRICT JUDGE